IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LAWRENCE SMITH, | No. CIV S-07-0837-WBS-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| HERNANDEZ, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on May 2, 2007.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff claims that, in January 2006, correctional officer Figeroe packed all of his legal documents and personal property into a large box to be transferred with plaintiff to another prison. According to plaintiff, when he arrived at the new prison, his property box was missing. Plaintiff states that one correctional officer – Seldon – confirmed that his property box was on the bus with plaintiff when he was transferred, while another correctional officer said that it was not. Plaintiff alleges that correction officer Seldon's statement to him that his box was on the bus was untrue. He also asserts that correctional officer Cochrane "fabricated and falsely gave me a fraudulent misleading transfer document." Plaintiff claims that, to date, he still has not received his property box.

It appears that the gravamen of plaintiff's complaint is that defendants violated his constitutional rights with respect to the loss of his property box. Specifically, plaintiff claims wrongdoing on the part of defendant Cochrane when he allegedly gave plaintiff a false, fraudulent, and misleading "transfer document." From these allegations, the court concludes that plaintiff claims that the unauthorized action of defendants resulted in a deprivation of property.

Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-

deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  See id. at 531 n.11.  An available state common law tort claim procedure to recover the value of property is an adequate remedy.  See Zinermon, 494 U.S. at 128-29.  Here, the availability of a common law tort claim in California state court for the negligent or intentional loss of his property renders his claim non-cognizable under § 1983.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 15, 2007.

  
_____  
**CRAIG M. KELLISON**  
UNITED STATES MAGISTRATE JUDGE