IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LAWRENCE SMITH, | No. CIV S-07-0837-WBS-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| HERNANDEZ, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 15).

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants:  Cochrane, Holmes, Hernandez, Gordon, Robertson, Morrison, Salvage, Sawyer, Saury, Thompson, and Figeroe.  Plaintiff claims that, in January 2006, correctional officer Figeroe packed all of his legal documents and personal property into a large box to be transferred with plaintiff to another prison.  He states that correctional officers Figeroe and Gordon "took full control and possession of all plaintiff's legal materials. . . ."  According to plaintiff, when he arrived at the new prison, his property box was missing.  Plaintiff appears to assert a due process claim based on loss of his property.  He also appears to raise a First Amendment claim based on denial of access to the courts.  Specifically, plaintiff states that, without his legal documents, he is unable to meet court filing deadlines in a number of pending cases.  He states that he cannot "file all appeal document(s) relevant to challenging the unjust conviction and unfair sentence in my criminal case on time."  The court notes that, other than the current action, plaintiff states that he does not have any other lawsuits pending.  The court also notes that there are no allegations specific to any individuals other than Figeroe and Gordon.

/ / /

/ / /

/ / /

## II. DISCUSSION

On February 22, 2008, the court issued an order addressing the first amended complaint in which the court stated:

> Read liberally, the first amended complaint raises a due process claim based on loss of his property, including his legal materials, and a First Amendment claim based on denial of access to the courts resulting from loss of his legal materials. Plaintiff's due process claim is not cognizable because state common law tort claim procedures to recover the value of property is an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 128-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). This defect cannot be cured through further amendment of the complaint.
>
> Plaintiff's First Amendment claim fares better in that he has, consistent with the standard set forth in the court's December 3, 2007, order, alleged an actual injury with respect to contemplated litigation. See Lewis v. Casey, 518 U.S. 343 (1996). Specifically, the facts construed in the light most favorable to plaintiff suggest that plaintiff has been thwarted from pursuing habeas corpus relief with respect to his conviction.
>
> The court finds, however, that plaintiff's First Amendment claim is only cognizable as against defendants Figeroe and Gordon, whom plaintiff specifically alleges were responsible for the loss of his legal materials. As to the remaining defendants, plaintiff has not established a causal link. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The court concluded:

> In summary, the court finds that plaintiff cannot state a due process claim based on loss of his property. Plaintiff has, however, stated a First Amendment claim against defendants Figeroe and Gordon based on denial of access to the courts resulting from loss of his legal property. As to the remaining defendants, plaintiff has not established a causal link between them and the alleged First Amendment violation.

1  The court provided plaintiff with an opportunity to file a second amended complaint in order to
2  cure the defects identified in the February 22, 2008, order.  The court instructed plaintiff as
3  follows:

> Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. . . .
>
> * * *
>
> Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.  If plaintiff does chose to further amend the complaint, he is cautioned that he may only do so to attempt to correct the defects identified herein.  He may not raise new claims or add new defendants.

12  While plaintiff filed an "objection" to the court's order on March 24, 2008, to
13  date, plaintiff has neither sought reconsideration of the order nor filed a second amended
14  complaint.  Therefore, the court will hereby recommend dismissal of plaintiff's due process
15  property claim, with prejudice.  The court will also recommend dismissal of all defendants,
16  except defendants Figeroe and Gordon, for failure to establish a causal link.  By separate order,
17  the court will direct plaintiff to submit documents necessary for service of the first amended
18  complaint on defendants Figeroe and Gordon.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's due process claim based on loss of his property be dismissed;
2. Cochrane, Holmes, Hernandez, Robertson, Morrison, Salvage, Sawyer, Saury, and Thompson be dismissed as defendants to this action; and

/ / /

/ / /

3. This case shall proceed on the first amended complaint on plaintiff's First Amendment claim against defendants Figeroe and Gordon only based on denial of access to the courts resulting from loss of his legal property.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE