IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL LAWRENCE SMITH,  No. CIV S-07-0837-WBS-CMK-P

    Plaintiff,

  vs.  ORDER

FIGEROE, et al.,

    Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 39). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

      The underlying factual allegations are familiar to the parties, and will not be repeated here. On September 16, 2008, the court issued findings and recommendations that defendants' motion to dismiss the first amended complaint be granted based on qualified immunity and that this action be dismissed with prejudice. On October 20, 2008, the District Judge issued an order adopting the findings and recommendations "insofar as the magistrate judge concludes that (1) the first amended complaint fails to state a claim and (2) defendants

1

have made a sufficient showing of qualified immunity in the absence of any allegation of malice." The District Judge dismissed the first amended complaint with leave to amend.

The court has reviewed the second amended complaint in light of the prior findings and recommendations and the District Judge's order. Plaintiff alleges that defendants were aware of "exonerating evidence" contained in the lost box of legal materials and, therefore, acted with malice and the intent of denying plaintiff access to the courts. As to the "exonerating evidence," plaintiff states this consisted of a declaration from an individual known as "Keybo" which was obtained on plaintiff's behalf by a family member. According to plaintiff, "Keybo" stated that he was a witness to the incident giving rise to plaintiff's conviction and that he was prepared to declare that plaintiff was not the perpetrator. Plaintiff states that, as a result of the loss of the declaration from "Keybo," he was prevented from submitting an amended habeas petition in the state court and thereby pursuing a non-frivolous claim of actual innocence. Plaintiff further claims that "[d]ue to the fact that Keybo is in transit, plaintiff have been informed by his family member that they are unable to locate Keybo a second time." Given these allegations, the court finds that plaintiff has alleged actual malice and actual injury.

The second amended complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. Defendants, who have already appeared in the action, will be directed to file a response to the second amended complaint.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.    Defendants shall file a response to the second amended complaint within

3 30 days of the date of this order; and

4       2.    The Clerk of the Court is directed to serve a copy of plaintiff's second

5 amended complaint on defendant with a copy of this order.

7 DATED: January 14, 2009

                                              /s/ Craig M. Kellison
                             **CRAIG M. KELLISON**
                             UNITED STATES MAGISTRATE JUDGE