UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DANIEL LAWRENCE SMITH,

        Plaintiff,

        v.

FIGEROE, et al.,

        Defendants.

                                /

NO. CIV. 2:07-0837 WBS CMK P

ORDER RE: MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS

----oo0oo----

        Plaintiff Daniel Lawrence Smith, a prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, alleging that defendant correctional officers Figeroe and Gordon violated his First Amendment right of access to the courts. On July 29, 2010, Magistrate Judge Craig M. Kellison recommended that the court grant defendants' motion for summary judgment. Although plaintiff failed to oppose defendants' motion for summary judgment, he filed objections to Magistrate Kellison's Findings and Recommendations. Pursuant to 28 U.S.C. §

1

636(b)(1)(C), this court has conducted a de novo review of the the Findings and Recommendations and will adopt the Magistrate Judge's recommendation to grant defendants' motion for summary judgment.

"Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts." Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007) (citing Lewis v. Casey, 518 U.S. 343, 346 (1996)), vacated on other grounds by Hust v. Phillips, 129 S. Ct. 1036 (2009). "[A]ccess to the courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty." Lewis, 518 U.S. at 384. "Where a prisoner asserts a backward-looking denial of access claim--one . . . seeking a remedy for a lost opportunity to present a legal claim--he must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips, 477 F.3d at 1076 (citing Christopher v. Harbury, 536 U.S. 403, 413-14 (2002)).

"The first element, requiring the loss of a nonfrivolous underlying claim, goes to the plaintiff's standing to bring suit. To have standing to assert a claim of denial of access to the courts, an inmate must show 'actual injury.'" Id. (citing Lewis, 518 U.S. at 351). "In order to establish actual injury, the inmate must demonstrate that official acts or omissions 'hindered his efforts to pursue a [nonfrivolous] legal

2

1 claim.'" Id. (quoting Lewis, 518 U.S. at 351, 353) (alteration
2 in Phillips).

3       Plaintiff alleges that defendants caused him actual
4 injury when they misplaced or intentionally deprived him of his
5 box of legal documents that contained an exculpatory declaration
6 from "Keybo" that he intended to file in an amended habeas
7 petition in state court to prove his actual innocence.  Although
8 a prisoner may bring a habeas claim demonstrating actual
9 innocence based on newly discovered evidence if it "undermine[s]
10 the entire prosecution case and point[s] unerringly to innocence
11 or reduced culpability," evidence is "newly discovered" for
12 purposes of habeas only if it "'could not have been discovered
13 with reasonable diligence prior to judgment.'"  In re Hardy, 41
14 Cal. 4th 977, 1016 (2007) (quoting Cal. Penal Code § 1473.6(b).)
15 Similarly, evidence submitted in support of a federal writ of
16 habeas constitutes "newly discovered evidence" only if it "could
17 not reasonably have been presented to the state trier of facts."
18 Townsend v. Sain, 372 U.S. 293, 317 (1963), overruled on other
19 grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

20       Although plaintiff did not obtain the allegedly missing
21 declaration from Keybo until after his criminal conviction, the
22 undisputed evidence shows that plaintiff and his attorney were
23 aware of the contents of that declaration prior to plaintiff's
24 criminal trial and conviction.  Specifically, plaintiff alleges
25 that the declaration from Keybo would support his claim of actual
26 innocence because Keybo indicated that he was present at the
27 robbery for which plaintiff was convicted and saw that plaintiff
28 did not commit the robbery.  (Second Am. Compl. ¶¶ 6-7, 13;

3

Objections ¶¶ 1-2.)  In his deposition, however, plaintiff repeatedly confirmed that Keybo communicated this information to plaintiff during plaintiff's trial.  (Smith Dep. 27:3-18, 33:21-34:5, 35:19-36:5.)  Keybo was also at the courthouse to testify in plaintiff' trial, but apparently did not testify because he was hospitalized for an illness.  (Id. at 26:16-23, 33:21-34:5, 35:19-36:5.)  Plaintiff also testified that his public defender was aware of Keybo's knowledge because plaintiff communicated it to his attorney and it was contained in a statement obtained by the investigator and received by his attorney.  (Id. at 19:13-15, 25:24-26:13.)

As the Magistrate Judge reasoned, the loss of Keybo's declaration did not cause plaintiff actual injury because it did not contain "newly discovered evidence" that could support a cognizable habeas claim.[1]  Accordingly, because plaintiff has failed to show the existence of a genuine existence of material fact on his sole § 1983 claim alleging a violation of his First Amendment right of access to the courts, the Magistrate Judge correctly concluded that defendants are entitled to summary judgment on that claim.

IT IS THEREFORE ORDERED that

(1) the Magistrate Judge's Findings and Recommendations

---

[1] As the Magistrate Judge ultimately concluded, the court need not address the merits of defendants' defense of qualified immunity because, for the reasons discussed herein, a constitutional violation did not occur. See Saucier v. Katz, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."), overruled on other grounds by Pearson v. Callahan, --- U.S. ----, ----, 129 S. Ct. 808, 815 (2009).

1  of July 29, 2010, be, and the same hereby are, adopted;
2              (2) defendants' motion for summary judgment be, and the
3  same hereby is, GRANTED; and
4              (3) the Clerk of the Court is directed to enter
5  judgment and close this case.
6  DATED:  September 3, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE